UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUDALE RANDY JONES,          )
                                      )
                Petitioner,       )     Case No. 1:99-cv-518
                                        )
v.                               )     Honorable Richard Alan Enslen
                                        )
DAVID GUNDY,             )
                                      )
                Respondent.     )
_____)

## OPINION

       This was a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. The habeas corpus petition, filed on July 12, 1999, challenged Petitioner's 1988 convictions for first-degree murder, two counts of assault with intent to commit murder, armed robbery and possession of a firearm during the commission of a felony. By Opinion and Judgment entered August 16, 1999, this Court dismissed the petition as untimely under the one-year statute of limitations applicable to habeas corpus actions. 28 U.S.C. § 2244(d)(1). The Sixth Circuit Court of Appeals refused Petitioner a certificate of appealability. On February 3, 2004, 16 years after his convictions, Petitioner filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), contending that this Court's calculation of time for purposes of the statute of limitations was rendered incorrect by a 2003 decision of the Sixth Circuit Court of Appeals. Upon review of the record, the Court determines that Petitioner has not alleged grounds for relief from judgment under any of the provisions of Rule 60(b).

**Procedural and Legal Background**

Petitioner is serving a sentence of life imprisonment without the possibility of parole imposed by the Detroit Recorder's Court on October 6, 1988, after Petitioner was convicted by a jury of first-degree murder, two counts of assault with intent to commit murder, armed robbery and possession of a firearm during the commission of a felony. The Michigan Court of Appeals affirmed his conviction on January 14, 1991, and the Michigan Supreme Court denied his application for leave to appeal on September 30, 1991.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted effective April 24, 1996. The AEDPA imposed a one-year statute of limitations within which a state prisoner might seek federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A). The Sixth Circuit Court of Appeals thereafter held that a one-year grace period applies to convictions, such as Petitioner's, which became final before the effective date of AEDPA. *See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). If Petitioner had not pursued any post-conviction remedies in state court, this one-year grace period would have expired on April 24, 1997. During the grace period, however, Petitioner filed a motion for post-conviction relief in the state trial court. At the time the state-court motion was filed on April 18, 1997, 359 days of the limitations period had already expired, leaving Petitioner with a total of six days in which to file his federal habeas corpus petition. The state courts denied Petitioner relief, with the Michigan Supreme Court denying leave to appeal on April 27, 1999. Petitioner did not seek a writ of *certiorari* in the United States Supreme Court.

Petitioner filed this habeas corpus action on July 12, 1999. In an opinion dated August 16, 1999, this Court analyzed the issue under the law as it then stood. As the Sixth Circuit Court of Appeals had not then decided the issue, this Court relied on the prevailing authority from other circuits in holding that the time for seeking *certiorari* in the United States Supreme Court to

- 2 -

review the denial of state post-conviction relief did not toll the running of the limitations period.  *See* 28 U.S.C. § 2244(d)(2) (the running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").  Petitioner appealed the dismissal of his petition.  The Sixth Circuit denied Petitioner a certificate of appealability on February 7, 2000.  This Court's determination was reaffirmed the following year by the Sixth Circuit's decision in *Isham v. Randle*, 226 F.3d 691 (6th Cir. 2000).  *Isham* held that the AEDPA limitations period is not tolled during the 90-day period in which a petitioner could (but did not) seek *certiorari* review of the denial of his state motion for post-judgment relief.  226 F.3d at 695.

Petitioner's motion for relief from judgment, filed in this Court on February 3, 2004, relies upon the decision of the Sixth Circuit in *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*).  The *Abela* decision confronted a situation in which the petitioner did in fact seek *certiorari*, thus raising the question whether the limitations period is tolled during the time in which a state prisoner seeks *certiorari* review of denial of his state motion for post-conviction relief.  The *en banc* Sixth Circuit, rejecting the law of all other circuit courts of appeals, held that the limitations period was indeed tolled during the pendency of the *certiorari* petition.  348 F.3d at 169-71.  The *en banc* court also repudiated *Isham*, in which no petition for *certiorari* had actually been filed, thereby establishing a new blanket rule for this circuit:  "The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case."  348 F.3d at 172-73.  On the basis of *Abela*, Petitioner sought relief from judgment pursuant to Fed. R. Civ. P. 60(b)(5)

- 3 -

and (6), arguing that this Court's computation of the limitations period was erroneous and that his petition was timely filed under *Abela*.

This Court construed the petition as a second or successive petition, and thus, transferred it to the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). In an order issued on September 26, 2005, the Sixth Circuit found that under the Supreme Court's recent decision in *Gonzales v. Crosby*, 125 S. Ct. 2641, 2651 (2005), Petitioner's motion for relief from judgment was not a second or successive petition. Accordingly, the Sixth Circuit transferred the case back to this Court for further proceedings. In November 2005, Petitioner attempted to file a motion to amend/supplement his motion for relief from judgment and a supporting brief. The Court issued an order rejecting the pleadings on November 8, 2005. In response, Petitioner filed his motion for reconsideration of the order rejecting pleading, a notice of appeal with regard to the order rejecting and a motion for certificate of appealablity.

### Discussion

1.

In light of the Sixth Circuit's September 26, 2005 order transferring Petitioner's action back to this Court for further proceedings, this Court erred in rejecting Petitioner's proposed motion to amend/supplement his motion for relief from judgment. Accordingly, the Court will grant Petitioner's motion for reconsideration of the Court's order rejecting pleading. The Clerk of the Court will be directed to accept Petitioner's motion and supporting brief for filing as of November 2, 2005, the day it was received by the Court. The Court has considered Petitioner's motion to amend/supplement his motion for relief from judgment and supporting brief in reaching its decision below. Because the Court has granted Petitioner the requested relief, his appeal of the Court's order

rejecting pleading is no longer necessary. Accordingly, the Court will deny as moot Petitioner's

motion for certificate of appealability.

2.

Rule 60(b) authorizes the district court to relieve a party in a civil action from a final

judgment, on the following enumerated grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence which by due diligence could not have been discovered in time
> to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated
> intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4)
> the judgment is void; (5) the judgment has been satisfied, released, or discharged, or
> a prior judgment upon which it is based has been reversed or otherwise vacated, or
> it is no longer equitable that the judgment should have prospective application; or (6)
> any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). In the present case, Petitioner's Rule 60(b) motion relies on a change in

decisional law occurring approximately three years after entry of this Court's order dismissing

Petitioner's habeas corpus petition as untimely. Upon review, the Court determines that none of the

provisions of Rule 60(b) authorizes relief in these circumstances.

In his motion for relief from judgment, Petitioner invokes the provisions of Rule

60(b)(5) and (6).[1] Rule 60(b)(5) authorizes relief when the judgment has been satisfied, released,

or discharged, "or a prior judgment upon which it is based has been reversed or otherwise vacated."

Relying on this provision, Petitioner asserts that this Court's Judgment was predicated upon the

Sixth Circuit decision in *Isham*, which was repudiated by the *en banc* court in *Abela*. It is well

settled, however, that Rule 60(b)(5) does not authorize relief from a judgment on the grounds that

---

[1] Petitioner could not have invoked grounds (1), (2), or (3), which must be raised within one year of the entry of judgment. FED. R. CIV. P. 60(b). *See McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991).

the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another, unrelated proceeding.  Professor Wright summarizes the rule as follows:

> The second ground, that a prior judgment upon which the present judgment is based has been reversed or otherwise vacated, obviously is sound but also has very little application.  This ground is limited to cases in which the present judgment is based on the prior judgment in the sense of claim or issue preclusion.  *It does not apply merely because a case relied on as precedent by the court in rendering the present judgment has since been reversed.*

11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2863 at 334-35 (2d ed. 1995) (emphasis added).  The Sixth Circuit has long adhered to this rule.  *See Berryhill v. United States*, 199 F.2d 217, 219 (6th Cir. 1952).  Relief is clearly unavailable under Rule 60(b)(5).

The only other possible font of relief is pursuant to Rule 60(b)(6).  Relief under Rule 60(b)(6) is addressed to the court's discretion and is available only in "extraordinary circumstances." *Liljeberg v. Health Servs. Acq. Corp.*, 486 U.S. 847, 863-64 (1988).  Relief under this rule is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).  A change in decisional law is usually not, by itself, an extraordinary circumstance.  *See Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001).  There must be a change in decisional law "coupled with some other special circumstance" to grant relief under Rule 60(b)(6).  *Blue Diamond*, 249 F.3d at 524; *Hooper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989) (claim of strictly legal error "not cognizable under Rule 60(b)(6) absent extraordinary circumstances.").

Petitioner has not pointed to any special circumstance justifying the grant of relief under Rule 60(b)(6) on the basis of a change in decisional law.  To be sure, this Court's Judgment

of August 16, 1999 was correct when rendered, as evidenced by the Sixth Circuit's subsequent denial of Petitioner's application for a certificate of appealability. By denying the certificate, the Court of Appeals concluded that jurists of reason would not find the district court's procedural ruling to be debatable, on the basis of the law as it then existed. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The decision of this Court was further supported by the Sixth Circuit's subsequent decision in *Isham*. The operation of Rule 60(b)(6) is tempered by the general policy in favor of the finality of judgments. *Waifersong*, 976 F.2d at 292. That policy militates in favor of the finality both of this Court's Judgment and of the now two-decades-old criminal judgments which Petitioner seeks permission to challenge.

After the Supreme Court's recent decision in *Gonzalez v. Crosby*, there is no doubt that the Sixth Circuit's decision in *Abela* does not constitute "extraordinary circumstances" that would warrant relief under FED. R. CIV. P. 60(b)(6). In *Gonzalez*, the Supreme Court considered whether its decision in *Artuz v. Bennett*, 531 U.S. 4 (2000), even assuming that it rendered the district court's previous untimeliness ruling incorrect, was an extraordinary circumstance justifying reopening of the habeas judgment. The Supreme Court held in *Artuz* that an application for post-conviction relief that contains procedurally barred claims is still "properly filed" for purposes of the tolling provision "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including the time limits for filing. *Id.* at 8. In finding that the decision in *Artuz* did not meet the extraordinary circumstances requirement of Rule 60(b)(6), the Supreme Court stated,

> As we noted above, however, relief under Rule 60(b)(6)--the only subsection petitioner invokes--requires a showing of "extraordinary circumstances." Petitioner contends that *Artuz*'s change in the interpretation of the AEDPA statute of limitations meets this description. We do not agree. The District Court's interpretation was by all appearances correct under the Eleventh Circuit's

- 7 -

then-prevailing interpretation of 28 U.S.C. § 2244(d)(2).  It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation.  Although our constructions of federal statutes customarily apply to all cases then pending on direct review, see, *e.g., Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final.  If *Artuz* justified reopening long-ago dismissals based on a lower court's unduly parsimonious interpretation of § 2244(d)(2), then *Pace v. DiGuglielmo*, 544 U.S. ----, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), would justify reopening long-ago grants of habeas relief based on a lower court's unduly generous interpretation of the same tolling provision.

*Gonzalez*, 125 S. Ct. at 2650-51 (footnotes omitted).  Like *Gonzalez*, Petitioner argues in this case that the Sixth Circuit's decision in *Abela* constitutes extraordinary circumstances.  Under *Gonzalez*, it is clear that a decision affecting a court's calculation of the statute of limitations, such as *Abela*, does not create an extraordinary circumstance that would warrant relief under FED. R. CIV. P. 60(b)(6).  Accordingly, Petitioner is not entitled to relief from the Court's Judgment dismissing his petition as time-barred.

### Conclusion

For the foregoing reasons, the Court also finds that Petitioner has not alleged grounds for relief under Rule 60(b).  His motion for relief from judgment will therefore be denied.

An Order consistent with this Opinion will enter.

/s/ Richard Alan Enslen

DATED in Kalamazoo, MI:          RICHARD ALAN ENSLEN
     March 24, 2006                       SENIOR UNITED STATES DISTRICT JUDGE

- 8 -